Jones, J.
 

 Under the sections of the Ohio Code relating to husband and wife, Section 7995
 
 et seq.,
 
 the wife had the right of property in and was the owner of the sedan; and it must be conceded that, although living apart, they were still husband and
 
 *501
 
 wife. The alimony decree did not affect that relation.
 

 It is contended by counsel for the insurance company that since this court, in
 
 State
 
 v.
 
 Phillips,
 
 85 Ohio St., 317, 97 N. E., 976, 40 L. R. A. (N. S.), 142, Ann. Cas., 1913B, 250, decided that a husband could not be convicted for larceny of the wife’s property, there could be no theft of the sedan within the meaning of clause C in the insurance policy. In its statement of defense, the insurance company admitted the issuance of the policy to Mrs. Heffernan insuring her against loss by theft of her sedan, but relied upon the exception contained in clause C as relieving it from liability. That clause is as follows:
 

 “(C) Theft, robbery or pilferage, excepting by any person or persons in the assured’s household or in the assured’s service or employment,” etc.
 

 It will be observed, therefore, that this clause contained a covenant of insurance against theft, robbery, or pilferage, with an exception which only relieved it from liability if the theft was caused by any person in the assured’s household.
 

 ' In view of the terms of this policy, and especially of the exception restricting it, we do not deem it necessary to consider the rule announced in the criminal case,
 
 supra;
 
 nor is it necessary to apply it to the instant case. This is a civil case predicated upon a policy contract between Mrs. Heffernan and the insurance company; and, if the language of clause C in the policy is doubtful, according to the well-known rule of law the language should be construed in favor of the policy-holder. This policy contained a general covenant of insurance against theft; the exception relieved it from theft only if it were com
 
 *502
 
 mitted “by any person or persons in the assured’s household. ” It is evident that the parties to the contract did not have in mind the common-law rule that a husband or wife cannot steal from one another, but had in mind rather the nonliability of the insurance company when the theft was committed by a member of the household. Had the husband been a member of the household, there would have been no liability under the terms of the policy. The parties were contracting with reference to the status of the husband and others as members of the household; and, since the husband was not a member of the wife’s household at the time of the theft of the sedan, a liability arose under the policy, because it restricted its nonliability solely to instances where the theft was committed by a person in the assured’s household.
 

 The judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Marshall, C. J., Kinkade, Robinson, Matthias, Day and Allen, JJ., concur.