Marshall, C. J.
This proceeding invokes the original jurisdiction of this court in mandamus. The relator, Clarence Schindler, was injured while employed at the plant of the Sugarcreek Clay Products Company. The injury was to his eye, resulting from a chip of glaze from the bricks he was handling flying into his right eye, shortly thereafter resulting in entire loss of vision in his right eye. Compensation having been denied by the Industrial Commission, claimant appealed to the court of common pleas of Tuscarawas county. The verdict of the jury in that court found that claimant was entitled to participate in the workmen’s compensation fund, and that the injury complained of was the result of an injury sustained in the course of and arising out of his employment with the Sugarcreek Clay Products Company. The usual judgment was entered upon that verdict, and the same was certified to the Industrial Commission, as provided by Section 1465-90, General Code.
The petition for an order of mandamus in this cause alleges that the injury resulted in an entire loss of vision, and that the petition on appeal in the court of common pleas alleged that the injury resulted in the entire loss of vision, that the answer of the commission in the common pleas court joined issue upon that allegation, and that the jury by its verdict must have found the allegation to be true. The verdict of the jury in form only found the right of the claimant' to participate in the fund, and further found the jurisdictional fact that the injury was the result of an in *36 jury sustained in the course of and arising out of the employment.
The petition in this court further alleges that, when the judgment of the common pleas court was certified to the commission, it ordered medical expenses to be paid, and ordered that the claimant file medical proof of temporary total disability, if any, due to his injury. Relator claims that he is entitled to compensation, not merely for temporary total disability, but that he is entitled to be compensated for loss of member, as provided in the schedule to Section 1465-80, as follows: “For the loss of an eye, 66f-% of the average weekly wages during one hundred weeks.”
The Industrial Commission has demurred to the petition, and for the purposes of the demurrer admits the well-pleaded allegations of the petition. It is the theory of the attorney for the commission that, by virtue of Section 1465-90, General Code, the judgment of the common pleas court on appeal is not final and conclusive as to the extent of the disability, or of the compensation to be paid therefor, but that on the contrary the commission may in any case make further inquiry as to the extent of the disability, and that it has a free hand in the amount of the award of compensation.
The commission relies upon the case of State, ex rel. Kauffman, v. Indus. Comm., 121 Ohio St., 472, 169 N. E., 572. Without reviewing the facts found and the law declared in that ease, it is sufficient to say that the judgment of this court in that case was based upon its peculiar facts. The judgment was by the unanimous concurrence of all the members of the court, and no modification need be made in this case of the law applied to the facts of that case. The relator in that case had suffered injuries other than the loss of a member, and the sole inquiry was as to the period of time covered by his disability. He had been awarded compensation for the period of nine months, at which time *37 further compensation was denied. Upon appeal to the court of common pleas, it was adjudged that he was entitled to further participate. Thereupon the commission made further payments for a period of nine months. At the end of that second period compensation was again denied. The claimant did not appeal from that order, but brought an' action in this court to compel the commission to pay compensation for a further period, on the theory that his injuries were permanent. The petition on appeal did allege permanent and total disability, and issue was joined upon that allegation. It was, however, held in this court, in the mandamus suit, that the issues in the court of common pleas and the determination of those issues were not conclusive upon the commission. It was so held for the reasons stated at page 476 of the opinion [169 N. E., 573], as follows:
“The Industrial Commission has continuing jurisdiction, and the claimant had a right to present to it his claim for further compensation based upon his physical condition after December 31, 1926 ;¡ and it appears by the allegations of the answer, which are not controverted, that on or about June 4, 1929, the claimant did appear before the commission and did offer proof, but that the commission found that he was not suffering disability as result of his injuries, and therefore refused to pay further compensation. He not only had a remedy at law, but it appears from the allegations of the pleadings that he invoked that remedy.”
In the case at bar the situation is wholly different. The petition alleges, and the demurrer admits, that the injury suffered by the claimant was the loss of a member. In cases of ordinary injury, where there is the probability, or even a possibility, of recovery, the commission has continuing jurisdiction to determine the extent of the injury and the amount to be awarded as compensation. By the terms of the schedule in Sec *38 tion 1465-80, covering loss of members, the- commission has no discretion. The loss of an eye, as admitted for the purposes of the demurrer, entitled the claimant absolutely and at all events to the amount of compensation therein provided, viz., sixty-six and two-thirds per cent, of the average weekly wages during one hundred weeks.
This conclusion is inevitable from the language of Section 1465-80 (110 Ohio Laws, 225):
“In case of injury resulting in partial disability, the employe shall receive sixty-six and two-thirds per cent of the impairment of his earning capacity during the continuance thereof, not to exceed a maximum of eighteen dollars and seventy-five cents per week, nor a greater sum in the aggregate than thirty-seven hundred and fifty dollars, and such compensation shall be in addition to the compensation allowed to the claimant for the period of temporary total disability resulting from such injury.”
For loss of member the award has no relation to the “impairment of his earning capacity during the continuance thereof,” but, on the contrary, is arbitrarily fixed by the statute, as indicated by the following language :
“In cases included in the following schedule, the disability in each case shall be deemed to continue for the period specified and the compensation so paid for such injury shall be as specified herein, and shall be in addition to the compensation allowed to the claimant for the period of temporary total disability resulting from such injury.”
The petition therefore states a good cause of action, and the demurrer will be overruled.

Demurrer to petition overruled.

Matthias, Day and Stephenson, JJ., concur.
Allen, J., concurs in the judgment.
Kinkade, J., not participating.