77 N.J. Super. 476 (1962)
187 A.2d 20
HENRY H. CROSSFIELD AND ANNA MARIE CROSSFIELD, PLAINTIFFS-APPELLANTS,
v.
PHOENIX INSURANCE COMPANY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued November 5, 1962.
Decided December 17, 1962.
*477 Before Judges CONFORD, GAULKIN and KILKENNY.
Mr. Joseph P. Rose argued the cause for appellants.
Mr. Samuel A. Gennet argued the cause for defendant.
The opinion of the court was delivered by GAULKIN, J.A.D.
In this action upon a burglary policy the insurance company moved for summary judgment, relying upon the policy and the depositions of plaintiffs and Dr. *478 and Mrs. Henry C. Crossfield. Plaintiffs offered no contrary affidavits or evidence. The motion was granted and plaintiffs appeal.
The policy was issued to Dr. Crossfield and his wife, parents of plaintiff Henry H. Crossfield. It covered "all property owned, worn or used by the named insured and members of the named insured's family of the same household, while in all situations of the world." Dr. and Mrs. Crossfield lived in Lewellyn Park, West Orange. At the time of the burglary the plaintiff son and Anna Marie Crossfield, his wife, lived in an apartment on 72nd Street in New York City, and it was from that apartment that the personal property was stolen. The question is whether plaintiffs were "members of the named insured's family of the same household" at the time of the burglary. The trial court held that they were not. We agree.
We assume for the purposes of this opinion that the son was a member of the parents' household when he entered the U.S. Navy. When he was discharged from the Navy, in July 1958, he lived in a New York hotel for a month or two and then he leased the apartment on 72nd Street. He signed the lease. He was unemployed and was studying music in New York. His father sent him money for his support, out of which he paid the rent.
In September 1959 he married the coplaintiff, and they both resided in the 72nd Street apartment until November 1959, when they moved into another apartment on East 71st Street for which the son had signed a lease prior to the burglary. The burglary took place on October 21, 1959.
Most of the things stolen were Anna Marie's belongings. She had never resided in the parents' West Orange home although she had visited there frequently and had left some of her clothing there for storage.
Shortly after the burglary plaintiff husband went to work for a New York stock broker, although he continued with his study of music with private teachers. Prior to this employment he was supported by his father.
*479 Plaintiffs point out correctly that "household" is a term of uncertain meaning. As Justice Francis observed in Mazzilli v. Acc. & Cas. Ins. Co. of Winterthur, 35 N.J. 1, 8 (1961), "Household is not a word of art. Its meaning is not confined within certain commonly known and universally accepted limits." He stated, also, "where the policy provision under examination relates to the inclusion of persons other than the named insured within the protection afforded, a broad and liberal view is taken of the coverage extended. But, if the clause in question is one of exclusion or exception, designed to limit the protection, a strict interpretation is applied." It is for that reason that the interpretation of "household" with reference to one type of policy is of little assistance in dealing with another type. Compare, for example, the annotation in 1 A.L.R.2d 561 (1948) and the cases therein collected, with the annotations and cases therein collected in 78 A.L.R.2d 1404 (1961) and 173 A.L.R. 901 (1948).
Plaintiffs argue that since this is a burglary policy they are entitled to the broadest and most inclusive construction of the word "household," and that under such a construction people may be members of the same "household" even though they are not living under the same roof, citing Mazzilli, supra. We agree, but those principles still do not make these plaintiffs members of Dr. and Mrs. Crossfield's household, for there is missing the requisite intent of the plaintiffs to return to the family home in West Orange. The burden of proof of bringing themselves within the coverage of the policy was upon the plaintiffs. There was no evidence that plaintiffs' stay in New York was intended to be temporary. The trial court found as a fact upon the evidence outlined above that, even though supported by the father, the son "had separated himself from his father's household * * * with the intention of permanently so separating himself and his wife." We hold that the evidence amply supports that conclusion.
As the court said in Neidhoefer v. Automobile Ins. Co. of Hartford, Conn., 182 F.2d 269, 273 (7 Cir. 1950), "the important *480 and perhaps controlling feature in situations of the instant character is the intent possessed by the departing member of a family." See also Olson v. Standard Marine Ins. Co., 109 Cal. App.2d 130, 240 P.2d 379, 384 (D.C. App. 1952); Milwaukee Mechanics' Ins. Co. v. Heffernan, 121 Ohio St. 499, 169 N.E. 573 (Sup. Ct. 1929).
Plaintiffs rely on Barker v. Iowa Mut. Ins. Co., 241 N.C. 397, 85 S.E.2d 305 (Sup. Ct. 1955). However, in that case the son and daughter-in-law lived with the father in Sparta and thereafter moved into an apartment in Raleigh, rented by the father, to enable the husband to attend school. The father furnished the apartment with items taken from his home in Sparta. The son and daughter-in-law did not intend to make a permanent home in Raleigh but only to live there temporarily until the schooling was completed, as students generally do.
The Mazzilli case, supra, relied upon by plaintiffs, recognized the paramount importance of the element of intent in cases such as this. This is shown by Justice Francis' references to intent in discussing the Olson case (35 N.J., p. 14) and the Neidhoefer case (p. 17), and by the final paragraph of the opinion in which he distinguished cases such as Neidhoefer and Heffernan, supra, on the ground that they did not have "the elements of continuance of a substantially integrated family relationship * * *."
The judgment is affirmed. No costs.