FARMERS INSURANCE OF COLUMBUS, INC., APPELLANT, *v.* TAYLOR ET AL., APPELLEES.

(No. 87AP-418—Decided
September 29, 1987.)

*Crabbe, Brown, Jones, Potts &
Schmidt, David J. Richards* and *Jeffrey L. Kohn,* for appellant.
*Ronald E. Plymale Co., L.P.A.,*
and *Amy T. Wood,* for appellees.

WHITESIDE, J. Plaintiff, Farmers Insurance Company of Columbus, Inc., appeals from a judgment of the Franklin County Court of Common Pleas finding defendant Toni Taylor, a minor, to be an insured under the uninsured motorist coverage of an insurance policy issued by plaintiff to her father, defendant Jerry Taylor. In support of its appeal, plaintiff has raised what it terms assignments of error, but are actually statements of the law plaintiff contends the trial court should have declared, as follows:

"I. A child is a 'resident family member' of the house where she lives the majority of the time and where she attends school despite occasional, or even frequent, visits to another home.

"II. Ohio does not recognize the concept of 'dual residency.'

"III. Toni Taylor was not a resident of the home of Jerry Taylor at the time of the accident."

Defendant Toni Taylor was injured as a result of a collision between an automobile owned and operated by her mother and one operated by an uninsured motorist while returning from a visitation with her father, defendant Jerry Taylor. Defendant Toni Taylor's mother, defendant Joan Stephenson, likewise had no automobile insurance and, thus, was also an uninsured motorist. The sole question, therefore, is whether defendant Toni Taylor is entitled to uninsured motorist coverage under the policy issued by Farmers Insurance Company of Columbus to her father, defendant Jerry Taylor. The common pleas court found defendant Toni Taylor to be covered by the uninsured motorist coverage of plaintiff's policy because defendant Toni Taylor was a resident of her father's home under the policy definitions.

Defendant Toni Taylor lived primarily with her mother but also spent time with her father on weekends and in the summer. As the trial court found, the evidence indicated that defendant Toni Taylor lived with her mother approximately two-hundred days of the year and lived with her father between one hundred sixty-two and one hundred seventy-two days of the year.

Plaintiff's policy defined "insured person" under the uninsured motorist coverage as follows:

"**Insured person** means:

"a. You or a **family member.**

"b. Any other person while **occupying your insured car.**

"c. Any person for **damages** that person is entitled to recover because of **bodily injury** to you, a **family member,** or another occupant of **your insured car.**

"But, no person shall be considered an **insured person** if the person uses a vehicle without having sufficient reason to believe that the use is with permission of the owner."

Accordingly, defendant Toni Taylor is an insured person under that definition if she bears the relationship to her father of family member. "Family member" is defined in the policy as follows:

"**Family Member** means a person related to you by blood, marriage or

adoption who is a resident of your household, including a ward or foster child."

Unfortunately, the policy does not define what it means by "resident of your household." However, defendant Toni Taylor, if a resident of her father's household, is an insured person under the uninsured motorist coverage since it is conceded that she is related to her father by blood. The trial court found that defendant Toni Taylor was a resident of her father's household for between one hundred sixty-two and one hundred seventy-two days of the year, although not consecutive days. Likewise, she was a resident of her mother's household for the remaining approximately two-hundred days of the year.

Plaintiff contends that, with respect to insurance coverage, a person can be a resident of only one household, contending that Ohio does not recognize the concept of "dual residency." Accordingly, plaintiff contends that one is resident of a household for insurance purposes only if he or she lives the majority of the time in such household. We reject plaintiff's contention that the word "resident" as used in its policy in defining "family member" should be read in a domiciliary sense. Rather, the word "resident" as used in the phrase "resident of your household" refers to one who lives in the home of the named insured for a period of some duration or regularity, although not necessarily there permanently, but excludes a temporary or transient visitor. Obviously, during the time that defendant Toni Taylor actually lived with her father, whether on a weekend or an extended visit, she was a resident of his household.

At the time in question, however, defendant Toni Taylor had left with her mother, defendant Joan Stephenson, to resume living with her. Since it appears that the primary residence of defendant Toni Taylor was with her mother, plaintiff contends to the effect that, even if defendant Toni Taylor could under some circumstances be deemed a resident of her father's household, she was not at the time of the accident since she was on her way to her permanent residence with her mother. We find no merit in applying an in-again, out-again concept to residency within the policy definition because to do so would compound the factual issues in determining policy coverage to an unreasonable extent. Rather, the coverage matter between parents can be determined under the other insurance clause of the respective policies where both parents have coverage. Essentially, therefore, within the broad definition of "resident," defendant Toni Taylor could properly be found (as the trial court apparently did) to be a resident both of her mother's household and her father's household since she spent a substantial amount of her time living with each of the parents.

Although plaintiff contends that Ohio has not adopted the concept of "dual residency" with respect to insurance coverage, so-called dual residency is recognized in many other aspects of life. We find no reason to preclude dual residency by judicial fiat with respect to insurance coverage. The insurance policy should control, and the policy may be written so as to preclude dual coverage if that be the intent of the insurer. Here, there is no requirement under the policy that, in order for a person to be resident of the named insured's household, such residence must be the sole or exclusive residence of the person, which by the terms of the policy is limited to a person related to the named insured by blood, marriage, or adoption but including a ward or foster child, so long as such relative is a resident of the named insured's household. Under such a policy definition, dual residency is not precluded since there is no re-

quirement in the policy that the residence of the named insured be the sole or exclusive residence of the relative. Accordingly, none of the assignments of error is well-taken.

For the foregoing reasons, the assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

BOWMAN and BRYANT, JJ., concur.