AETNA CASUALTY AND SURETY COMPANY, Plaintiff,

v.

Garry Wayne SHAMBAUGH, Garry Shambaugh, II, and Martha Shambaugh, Defendants.

Civ. A. No. 89–0007–M(K).

United States District Court,
N.D. West Virginia,
Martinsburg Division.

Oct. 16, 1990.

Dale Buck and William Richard McCune, Jr., Martinsburg, W.Va., for plaintiff.

Lawrence M. Schultz, Martinsburg, W.Va., for defendants.

## MEMORANDUM OPINION AND ORDER

KIDD, District Judge.

Currently pending are the parties cross-motions for summary judgment. Said matters, having been fully briefed, are ripe for disposition.

The material facts underlying this declaratory judgment action are as follows:

1. The defendant, Garry Wayne Shambaugh, ("Mr. Shambaugh"), is the named insured under an automobile policy held by the plaintiff, Aetna Casualty and Surety Company ("Aetna").

2. On May 27, 1988, the defendant, Garry Wayne Shambaugh, II ("Garry"), the son of Mr. Shambaugh, was a passenger in a vehicle owned by Martha Bowman and driven by George Bowman ("Mr. Bowman"), when the driver lost control of the vehicle. Garry suffered severe injuries as a result of the accident.

3. Mr. Bowman, at the time of the accident, was insured by Nationwide Insurance Company with policy limits of $20,-000.

4. The automobile insurance policy held between Aetna and Mr. Shambaugh, which was in effect at the time of the accident, provided for underinsured motorist coverage for all "covered persons," including a "family member." "Family member" is defined by the policy to mean "any person related by blood or marriage who is a resident of your household including a ward or a foster child."

5. Mr. Shambaugh and defendant Martha Shambaugh ("Mrs. Shambaugh") were divorced on October 17, 1985. Mrs. Shambaugh was awarded custody of Garry, with Mr. Shambaugh granted "the duty to support [Garry]" and "the right to visit [Garry] at fair and reasonable times and shall have the further right to take [Garry] into his care, custody and control from 11:00 a.m. until 11:00 p.m. on each Sunday hereafter."

6. Mr. Shambaugh, at the time of the accident, lived with his mother Ruth Bradfield, less than one-half a mile from Mrs. Shambaugh's house; spent afternoons, evenings and occasional nights with Garry, either at his house or Mrs. Shambaugh's house, while Mrs. Shambaugh worked; kept personal property at Mrs. Shambaugh's house and Garry kept personal property at Mr. Shambaugh's home.

7. Mr. Shambaugh would permit Mrs. Shambaugh to use his automobile when Garry had to be driven somewhere, as well as drive Garry to places himself.

8. Mr. Shambaugh understood and expected that his automobile insurance policy with Aetna would cover Garry.

The single legal issue for the Court to decide is whether Garry is a "resident" of Mr. Shambaugh's "household" under the meaning of the underinsured coverage provided in the automobile insurance company. Aetna claims that there can only be one residence for Garry and that is with Mrs. Shambaugh. The defendants argue that there can be dual residences and that the facts underlying this action clearly show that Garry is a resident of both Mr. and Mrs. Shambaugh's respective households.

The phrase "who is a resident of your household" is not defined by the policy. Therefore, the Court must interpret this phrase to determine whether coverage exists. In so interpreting it, the Court is guided by the following principle:

That is, the preeminent public policy of this state in uninsured or underinsured motorist cases is that the injured person be *fully compensated* for his or her *damages* not compensated by a negligent tortfeasor, up to the limits of the uninsured or underinsured motorist coverage.

*State Automobile Mutual Insurance Company v. Youler,* 396 S.E.2d 737, 745 (W.Va.1990). Furthermore, if a term is "reasonably susceptible of two different meanings," it is ambiguous and should be "construed strictly against the insurer and liberally in favor of the insured, although such construction should not be unreasonably applied to contravene the object and

plain intent of the parties." *Shamblin v. Nationwide Mut. Ins. Co.*, 332 S.E.2d 639, 642 (W.Va.1985) (Citations omitted).

With these basic premises in mind, the Court will proceed with the definition of "resident of the household." The word "resident" certainly may include more than one place. As stated in Black's Law Dictionary, residence should be distinguished from domicile.

> As "domicile" and "residence" are usually in the same place, they are frequently used as if they had the same meaning, but they are not identical terms, for a person may have two places of residence, as in the city and country, but only one domicile. Residence means living in a particular locality, but domicile means living in that locality with intent to make it a fixed and permanent home.

*Black's Law Dictionary* 1176 (5th ed. 1979).

■ Apparently, Aetna seeks to have the Court substitute the term "domicile" for "resident" in the policy, when it argues that a person may only have one residence. On the contrary, the Court believes that a person may have dual residency under the plain meaning of the phrase "resident of the household" used in the policy. A similar result was reached in an Ohio Court of Appeals decision in which the identical policy language was applied to very similar facts.

> Rather, the word "resident" as used in the phrase "resident of your household" refers to one who lives in the home of the named insured for a period of some

duration or regularity, although not necessarily there permanently, but excludes a temporary or transient visitor.

*Farmers Ins. of Columbus, Inc. v. Taylor*, 39 Ohio App.3d 68, 528 N.E.2d 968, 969 (1987). *See Mutual Service Cas. Ins. Co. v. Olson*, 402 N.W.2d 621 (Minn.App.1987); *Countryside Cas. Co. v. McCormick*, 722 S.W.2d 655 (Mo.App.1987). As such, the Court holds that under West Virginia law a person may have dual residency, especially in the case of children of divorced parents. However, whether a person has dual residency depends upon the factual situation presented in each case.

■ The undisputed facts herein, clearly show that Garry is a resident of Mr. Shambaugh's household. Garry spent substantial amounts of time with his father on a daily basis at both Mr. and Mrs. Shambaugh's respective households which are less than one-half a mile apart. Mr. Shambaugh provided his car for transportation of Garry. Garry kept personal belongings at Mr. Shambaugh's house. Finally, it was the understanding and expectation of Mr. Shambaugh that his automobile insurance policy would cover Garry.[1] Therefore, Garry Wayne Shambaugh, II, is entitled to coverage under the Aetna policy purchased by his father, Garry Wayne Shambaugh.[2]

It is therefore ORDERED as follows:

1. Plaintiff's motion for summary judgment is DENIED;

2. Defendants' motion for summary judgment is GRANTED;

3. The Court hereby DECLARES that Garry Wayne Shambaugh, II, is a covered person under the personal auto policy

---

1. In its memorandum in opposition, Aetna argues that there can only be one "household" for Garry. However, the term "household" only refers to the policy holder's household, not those covered by the policy who may very well be members of different households as is the case usually with children of divorced parents. There is no doubt that Mr. Shambaugh is not a member of Mrs. Shambaugh's household nor her of his. Further, it is quite reasonable that Mrs. Shambaugh would purchase insurance for her automobile which would also cover Garry as a resident of her household. "Rather, the coverage matter between parents can be determined under the other insurance clause of the respective policies where both parents have cov-

erage." *Farmers Ins. of Columbus, Inc. v. Taylor, supra* 528 N.E.2d at 970. Also, the fact that Mr. Shambaugh resides with his mother Ruth Bradfield, does not effect the outcome that Garry, while a resident of Mrs. Shambaugh's household, is also a resident of Mr. Shambaugh's household. Neither Mrs. Shambaugh nor Mrs. Bradfield is the policy holder of the insurance contract under consideration. Therefore, any inquiry as to their respective households is not relevant herein.

2. Also pending is Aetna's motion for appointment of a guardian ad litem for Garry. In light of the Court's ruling, said motion is now moot.

issued to Garry Wayne Shambaugh by Aetna Casualty and Surety Company.[3]

Judgment shall be entered accordingly and this action shall be removed from the docket of the Court.

---

**3.** In their proposed Order, the defendants seek further rulings on the level of coverage and effectiveness of any waivers. However, said matters were not pursued by the pleadings filed by the parties. Therefore, since these matters are not before the Court, there will be no ruling on them.