**Pete J. TOKLEY, a/k/a Peter J. Tokley, individually and as Special Administrator of the Estate of Peter Tokley Jr., Plaintiff,**

v.

**STATE FARM INSURANCE COMPANIES, Defendant.**

**Civ. No. 91–5071.**

United States District Court, D. South Dakota, W.D.

Jan. 28, 1992.

Timothy J. Vander Heide, Bakewell, Hauge & Vander Heide, Custer, S.D., for plaintiff.

Curtis D. Ireland, Rapid City, S.D., for defendant.

## MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

BATTEY, District Judge.

### INTRODUCTION

This case arises from a collision which occurred on March 5, 1989, involving an automobile driven by an uninsured motorist, Deanna Jo Stetter, and two young children, Peter Tokley Jr. and Richard Perry, who were playing on their sleds when they were struck by Deanna Stetter's car. At the time of the collision, Deanna Stetter was heavily intoxicated. Both children were killed as a result of the accident.

Peter Tokley Jr. (Peter), who was ten years old at the time of the accident, was the only child of plaintiff Peter J. Tokley (Tokley) and Dawn Marie Tokley. The boy's father and mother were divorced in May of 1988 and custody of the child was awarded to the mother subject to reasonable rights of visitation with the father. Dawn Marie Tokley eventually married Calvin Griffin and, until the time of the acci-

dent, Peter continued to live primarily with his mother and stepfather.

After the accident, Tokley, individually and as administrator of the estate of his son, filed a claim with his insurer, defendant State Farm Insurance Company (State Farm), to recover for bodily injuries to Peter under the uninsured motorist provision of Tokley's policy. State Farm denied the claim and Tokley commenced this action for a declaratory judgment that his claim falls within the coverage provided by the uninsured motorist provision of his insurance policy. Tokley and State Farm have filed cross-motions for summary judgment and have agreed to permit the legal and factual issues raised in the motions to be decided by summary disposition. *Nielsen v. Western Elec. Co.,* 603 F.2d 741, 743 (8th Cir.1979). State Farm has moved for summary judgment on the grounds that Peter Tokley Jr. was not a relative of Peter J. Tokley within the meaning of Tokley's policy. Under this interpretation, neither Peter nor his estate would be insureds entitled to recovery under the policy issued by State Farm. For the reasons set forth below, this Court does not accept State Farm's arguments and therefore denies its motion for summary judgment and grants Tokley's cross-motion for summary judgment.

## DISCUSSION

The United States Supreme Court has instructed district courts hearing diversity cases that "[e]xcept in matters governed by the Federal Constitution or by acts of Congress, the law to be applied in any case is the law of the state." *Erie R.R. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).[1] The *Erie* court noted that in a diversity contest, the "law of the state" includes state statutes and interpretive law as pronounced by the state courts. *Erie,* 304 U.S. at 78, 58 S.Ct. at 817.

The question presented by the defendant's motion of whether an unemanci-

pated child of divorced parents may be considered an insured relative of the noncustodial parent is one of first impression for this jurisdiction. The United States Court of Appeals for the Eighth Circuit in *Stoner v. State Farm Mut. Auto. Ins. Co.,* 780 F.2d 1414 (8th Cir.1986), had an opportunity to rule on an issue related to the one presented in this case, although, as discussed below, *Stoner* is distinguishable from the case now before the Court and therefore does not provide this Court with clear controlling precedent on the question presented.

■ In the absence of a definitive expression of state law on any matter presented to a federal district court, it is the duty of the court to conscientiously apply state law as the court believes it would be applied in the state courts in order that the court may "make its own determination of what the Supreme Court of [the State] would probably rule in a similar case." *King v. Order of United Commercial Travelers,* 333 U.S. 153, 161, 68 S.Ct. 488, 492, 92 L.Ed. 608; Wright & Miller, *Federal Practice and Procedure* § 4507 (1982). Accordingly, this Court will endeavor to follow the guidance provided by the South Dakota uninsured motorist statute, and decisions of the South Dakota Supreme Court interpreting that statute, to resolve this dispute as this Court conscientiously believes it would be resolved by the South Dakota Supreme Court. *King,* 333 U.S. at 161, 68 S.Ct. at 492.

The sole issue presented by State Farm's motion for summary judgment concerns whether Peter was insured under the uninsured motorist provision of his father's automobile liability policy. The policy covered the period from January 4, 1989, to July 4, 1989, and was issued to Peter J. Tokley and Lori I. Tokley. Tokley's policy (# 083 9997–41D) provides, in relevant part:

SECTION III—UNINSURED MOTOR VEHICLE—COVERAGE U AND

---

**1.** The doctrine of federal judicial deference to state substantive law announced in *Erie Railroad* has found expression in 28 U.S.C. § 1652, which revises Section 34 of the Judiciary Act of 1789 and provides that "[t]he laws of the several

states, except where the Constitution of the United States or Acts of Congress otherwise require or provide, shall be regarded as rules of decision in civil actions in the courts of the United States, in cases where they apply."

UNDERINSURED MOTOR VEHICLE—
COVERAGE W

We will pay damages for bodily injury an insured is legally entitled to collect from the owner or driver of an uninsured motor vehicle. The bodily injury must be caused by an accident arising out of the operation, maintenance or use of an uninsured motor vehicle.

An "insured" for purposes of the policy's uninsured motorist provision is defined as follows:

INSURED—means the person or persons covered by uninsured motor vehicle or underinsured motor vehicle coverage. This is:

1. The first person named in the declarations;

2. His or her spouse;

3. Their relatives ...

It is undisputed that Peter is a "person" who sustained "bodily injury" within the meaning of the State Farm insurance policy. Any right of recovery that Peter may have had centers upon whether he is an "insured" under the policy, which in turn involves determining whether he is a "relative" of Peter J. Tokley as that term is defined in the policy. The State Farm policy defines relative as follows:

RELATIVE—means a person related to you or your spouse by blood, marriage or adoption who lives with you. It includes your unmarried and unemancipated child away at school.

The parties agree that Peter was related to the plaintiff by blood, but under State Farm's policy a relative is not merely a person with a blood relationship, that person must also "live with" the insured to fall within the coverage provided by the policy. In the Court's view, Peter was an insured relative who lived with the plaintiff Tokley and was entitled to coverage under his father's State Farm policy.

■ The South Dakota legislature's intent in requiring uninsured motorist coverage as a part of every automobile liability policy was to increase, rather than decrease, the protection available to South Dakota motorists. *Helmbolt v. LeMars Mut. Ins. Co.*, 404 N.W.2d 55, 59 (S.D. 1987). Uninsured motorist insurance is thus designed for the benefit of insureds and not insurers. *Baker v. Continental W. Ins. Co.*, 748 F.Supp. 716, 721 (D.S.D. 1990).

■ The purpose of uninsured motorist protection is to provide compensation to an insured who is the victim of an uninsured motorist's negligence to the same extent as if the uninsured motorist were properly insured. *Baker*, 748 F.Supp. at 718; *Radlein v. Industrial Fire & Casualty Ins. Co.*, 117 Wis.2d 605, 345 N.W.2d 874, 884 (1984); *State Farm Mut. Auto. Ins. Co. v. Baldwin*, 764 F.2d 773, 778 (11th Cir.1985). To accomplish the purposes of uninsured motorist coverage, policy provisions are construed liberally in favor of coverage. *Sprung v. State Farm Mut. Auto. Ins. Co.*, 715 F.Supp. 282, 285 (D.S.D.1989); *Clark v. Regent Ins. Co.*, 270 N.W.2d 26, 29 (S.D.1978).

In *Stoner v. State Farm Mut. Auto. Ins. Co.*, 780 F.2d 1414 (8th Cir.1986), the Eighth Circuit Court of Appeals interpreted the very language at issue in this case and found that an emancipated woman stationed at a naval base in Texas could not be found to live with her parents in South Dakota and was therefore not covered under her father's uninsured motorist policy for injuries she sustained while on a short visit to the family home. The circuit court found the phrase "lives with you" to be unambiguous and therefore not within the prevailing practice among courts to interpret ambiguous policy language in favor of coverage. *Stoner*, 780 F.2d at 1416–17.

■ This Court agrees that the State Farm policy language is not ambiguous and would not interpret the phrase "lives with you" in favor of coverage for that reason. However, the uninsured motorist provision and corresponding definitions contained in the State Farm policy are provisions that define the persons to whom coverage is extended, as opposed to defining persons excluded from coverage, and are therefore inclusionary clauses. Widiss, *A Guide to Uninsured Motorist Coverage*, §§ 4.7, 33.4 (2d ed.); *Row v. United Servs.*

*Auto. Ass'n,* 474 So.2d 348, 349 (Fla.1985). The South Dakota Supreme Court has instructed that:

[W]here the policy provision under examination relates to the inclusion of persons other than the named insured within the protection afforded, a broad and liberal view is taken of the coverage extended.

*Novak v. State Farm Mut. Auto. Ins. Co.,* 293 N.W.2d 452, 455 (S.D.1980) (*quoting Crossfield v. Phoenix Ins. Co.,* 77 N.J.Super. 476, 187 A.2d 20 (1962)). As early as 1958 the Eighth Circuit recognized that:

The word "family" is a very flexible term. It has frequently been defined as such persons as habitually reside under one roof and form one domestic circle.... The term "family" or "household" cannot be so limited and strait-jacketed as always to mean, regardless of facts and circumstances, a collective body of persons who live in one house under one common head or manager.

*Johnson v. State Farm Mut. Auto. Ins. Co.,* 252 F.2d 158, 161 (8th Cir.1958). Since that time this nation has experienced an exponential increase in the incidents of divorce, split families, alternative living arrangements, and single parent households. This Court's interpretation of the phrase "lives with you" should reflect the contemporary realities of family living and should not be narrow and strait-jacketed to apply only to idealized notions of a pristine family unit, harmonious and integrated. Accordingly, whether it is by reason of ambiguity or its status as an inclusionary clause, the result is the same: the Court must construe the coverage provided by the State Farm policy broadly and liberally.

█ With this in mind, the Court finds that any reasonable interpretation of the phrase "lives with you" must necessarily include Peter's visitations with his father. The record reflects that Peter lived and spent the nights in his father's home between two and three weekends a month. Peter had his own room at his father's home, decorated to his own taste, and he kept toys and clothes in the room. During the week on school nights, Peter would not generally sleep at his father's home, but he would stop by his father's home after school for visits. Peter spent additional days and nights at his father's home when his mother was out of town. It is impossible to measure with precision the number of days Peter spent in his father's home, but considering only Peter's weekend visits mathematically equates to a minimum of between 78 and 117 days out of the year.

In considering whether Peter "lived with" his father, the Court examined a significant body of case law that has developed around the nearly identical question of whether an insured is a "resident" of the named insured's household, and thus covered by the named insured's automobile liability policy. State Farm attempts to distinguish these cases and hold them inapposite because the language interpreted by the courts in those cases is the phrase "resident" or "domicile" or some variation thereof. According to State Farm, it discontinued using variations of "resident" precisely because of the ambiguity attached to that phrase by courts. In lieu of "resident," State Farm substituted the more specific definition of a relative as one who "lives with" the named insured. The Court nonetheless finds that cases interpreting residency often use the phrases "residency" and "lives with" interchangeably and are so closely related to the issue at hand that the factual distinctions drawn by those cases are useful in determining whether Peter may be said to have lived with his father.[2]

In *Farmers Ins. Co. of Columbus v. Taylor,* 39 Ohio App.3d 68, 528 N.E.2d 968 (1987), the court found a child to be an

---

**2.** As noted above, the construction that courts in this jurisdiction must apply to the phrase "lives with" is a broad one whether or not the phrase is ambiguous; removing the ambiguity from the policy has not altered the standard of review set forth in *Novak* that inclusive provisions in insurance policies are construed broadly. The *Stoner* court never addressed the question of the standard of review applicable to inclusive provisions. Thus, to distinguish cases interpreting residency from cases interpreting the subject language on the grounds that "residency" is determined to be ambiguous while "lives with" is determined to be unambiguous, is a distinction without a difference. In either case a broad interpretation applies.

insured resident of a non-custodial parent's home where the child spent a substantial amount of time living with each of the parents. In rejecting the insurer's argument that the child was only a "resident" of the custodial mother's household, the court stated that:

[T]he word "resident" as used in the phrase "resident of your household" refers to one who *lives in* the home of the named insured for a period of some duration or regularity, although not necessarily there permanently, but excludes a temporary or transient visitor. Obviously during the time that defendant Toni Taylor actually *lived with* her father, whether on a weekend or on an extended visit, she was a resident of his household.... Essentially, therefore, within the broad definition of "resident," defendant Toni Taylor could properly be found to be a resident both of her mother's household and her father's household since she spent a substantial amount of time *living with* each of the parents.

*Taylor*, 528 N.E.2d at 969 (emphasis added). The *Taylor* court rejected any distinctions between primary and secondary residences and found immaterial to the consideration of coverage the fact that the child was on her way home to her mother's residence at the time the accident occurred. *Taylor*, 528 N.E.2d at 970.

In *Snedeger v. Midwestern Indem. Co.*, 44 Ohio App.3d 64, 541 N.E.2d 90 (1988), the court examined a policy definition of a relative nearly identical to the State Farm policy definition in issue. The *Snedeger* court interpreted the policy's definition of a relative as "a person *living in* your household related to you by blood, marriage, or adoption" to include a son living in a non-custodial parent's household, where he stayed with his father one to two days a week, kept clothing and belongings at the home on a permanent basis, and maintained other ties to the father's home. *Snedeger*, 541 N.E.2d at 92 (emphasis added).

The court in *Alabama Farm Bureau Mut. Cas. Ins. v. Pigott*, 393 So.2d 1379 (Ala.1981) took an extremely broad view of the phrase "relative" to find that a fetus, prematurely born to the daughter of the named insured, was a relative of the named insured under the uninsured motorist provisions of the insured's automobile liability policy where the daughter was living with her parents at the time of the automobile accident, even though the named insured had no knowledge that his daughter was pregnant.

The greater weight of legal authority favors Tokley's position. In other cases with facts resembling the facts of this case the courts have almost uniformly extended coverage to a relative of the named insured.[3] By contrast, State Farm's position has not received general, or even isolated, acceptance in the nation's court system. Courts which have declined to extend coverage to a relative of the named insured made the finding based upon facts obviously distinguishable from those presented in this case.[4] The record in this case more closely resembles the factual circumstances of cases where the courts have extended

---

**3.** *Wainscott v. Ossenkop*, 633 P.2d 237 (Alaska 1981); *Row v. United Servs. Auto. Ass'n*, 474 So.2d 348 (Fla.1985); *State Farm Mut. Auto. Ins. Co. v. Gazaway*, 152 Ga.App. 716, 263 S.E.2d 693 (1980); *Fidelity Gen. Ins. Co. v. Ripley*, 228 So.2d 238 (La.1969); *Butler v. MFA Mut. Ins. Co.*, 356 So.2d 1129 (La.1978); *Earl v. Commercial U. Ins. Co.*, 391 So.2d 934 (La.1980); *Bond v. Commercial Union Assur. Co.*, 407 So.2d 401 (La. 1981); *Rosenberger v. American Family Mut. Ins. Co.*, 309 N.W.2d 305 (Minn.1981); *Cobb v. State Sec. Ins. Co.*, 576 S.W.2d 726 (Mo.1979); *Allstate Ins. Co. v. Luna*, 36 A.D.2d 622, 319 N.Y.S.2d 139 (1971); *Allstate v. Seedhouse*, 61 Ohio Misc. 1, 400 N.E.2d 417 (1979); *Snedeger v. Midwestern Indem. Co.*, 44 Ohio App.3d 64, 541 N.E.2d 90 (1988); *Hartford Cas. Ins. Co. v.*

*Phillips*, 575 S.W.2d 62 (1978); *Aetna Cas. & Sur. Co. v. Shambaugh*, 747 F.Supp. 1203 (N.D.W.Va.1990); *Herbst v. Hansen*, 46 Wis.2d 697, 176 N.W.2d 380 (1980).

**4.** *Delancey v. State Farm Mut. Auto. Ins. Co.*, 918 F.2d 491 (5th Cir.1990); *Gulf Am. Fire & Cas. Co. v. Azar*, 364 So.2d 332 (Ala.1978); *Davis v. Hartford Ins. Co.*, 456 So.2d 302 (Ala.1984); *American Sec. Ins. Co. v. Van Hoose*, 416 So.2d 1273 (Fla.1982); *Chapman v. Allstate Ins. Co.*, 306 So.2d 414 (La.1975); *Scott v. Glenn*, 408 So.2d 1167 (La.1981); *State Farm Mut. Auto. Ins. Co. v. Selders*, 187 Neb. 342, 190 N.W.2d 789 (1971); *Pierce v. Aetna Cas. & Sur. Co.*, 29 Wash. App. 32, 627 P.2d 152 (1981).

coverage to a relative than the cases where courts have declined such coverage.

Peter's relationship with his father was of a continuous duration and regularity despite the separation of Peter's parents. Under the circumstances, it is difficult to say that Peter was a mere transient or temporary visitor to his father's household. Peter's visits involved overnight stays as well as casual, unannounced visits. Peter divided his personal belongings between both his mother's and his father's homes and came and went freely between the two homes. The record reflects that Peter spent a significant amount of time in both households and felt at home in either place.

State Farm makes a point of drawing the Court's attention to the fact that Peter's mother claimed Peter as living in her home in order to receive coverage under her automobile liability policy with the American Family Insurance Group. State Farm unjustly characterizes Tokley's claim with State Farm as an attempt at undeserved double recovery. The Court finds the fact of recovery by the custodial parent to be irrelevant to the consideration of whether the insurance contract between State Farm and Peter's father also provides coverage to Peter. For the Court to draw a bright line that would vest only a custodial parent with the responsibility of providing adequate insurance coverage for the child would not recognize the contemporary reality that families often separate and the children of such dissociated families must necessarily split their time between households if they are to receive the companionship, communication, and guidance of both parents. The Court can easily foresee circumstances where a custodial parent might be uninsured. Adopting State Farm's rather arbitrary position that only the custodial parent's insurance protects a child could work to create a class of children of divorced parents with no coverage at all unless covered by the noncustodial parent. *Allstate Ins. Co. v. Luna*, 36 A.D.2d 622, 319 N.Y.S.2d 139, 141 (1971). This outcome would undermine South Dakota's legislative and judicial policy of providing broad coverage to parties injured by an uninsured motorist. *Clark*, 270 N.W.2d at 29;

*Sprung*, 715 F.Supp. at 285; *Baker*, 748 F.Supp. at 722.

Where the extent of the relationship and the contacts between the child and noncustodial parent are of the duration and regularity presented by this case, the Court believes the Supreme Court of South Dakota would adopt the generally accepted view that the child in fact lives with both parents. *Taylor*, 528 N.E.2d at 970 (within a broad definition of resident, child found to be a resident of both her mother's and her father's households); *Aetna Cas. & Sur. Co. v. Shambaugh*, 747 F.Supp. 1203, 1205 (N.D.W.Va.1990) (under state law a person may have dual residency, particularly in the case of children of divorced parents). This formulation of the State Farm policy gives effectuation to the contract of insurance that exists between Tokley and State Farm, without collateral reference to policies purchased by the plaintiff's former spouse. *Baker*, 748 F.Supp. at 722.

## CONCLUSION

It is therefore the determination of the Court that the child Peter Tokley, Jr. is an insured relative under the provisions of the State Farm policy issued to his father and stepmother, Peter J. Tokley and Lori I. Tokley. Accordingly, it is:

ORDERED that defendant State Farm's motion for summary judgment is DENIED.

IT IS FURTHER ORDERED that plaintiff Tokley's motion for summary judgment is GRANTED. Judgment is to be entered in favor of plaintiff determining that coverage for the minor child is afforded under the uninsured motorist provision of plaintiff's policy (# 083 997–41D) with costs assessed in favor of plaintiff and against defendant.