OPINION *Page 2 
{¶ 1} Plaintiffs-Appellants appeal the February 16, 2006, decision of the Knox County Court of Common Pleas granting summary judgment in favor of Defendant-Appellee State Farm Insurance Company.
 STATEMENT OF THE FACTS AND CASE {¶ 2} The relevant facts are as follows:
 {¶ 3} Kendra Keith is the minor daughter of Angela Keith and Thomas H. Keith. Angela Keith and Thomas Keith are divorced.
 {¶ 4} Angela Keith is the residential parent of Kendra Keith, but by agreement between Angela Keith and Thomas Keith, Kendra and her siblings were living with their father temporarily while their mother "got back on her feet".
 {¶ 5} From at least September 1, 1996, Kendra lived exclusively with her father Thomas Keith and his wife Barbara at their residence located at 1122 North Mulberry Street, Mt. Vernon, Ohio.
 {¶ 6} According to the records of the Dan Emmett Elementary Schools, Kendra Keith was enrolled as a student from August 19, 1996 to May 13, 1997 and was living with Thomas Keith, her father, during that period of time.
 {¶ 7} On March 12, 1997, Kendra, then eight years old, was in the kitchen of the North Mulberry residence with her stepmother Barbara who was cooking food in a skillet on the stove, with the handle of the skillet pointing outward. Barbara Keith left the kitchen, with the unattended skillet still on the stove, and Kendra somehow knocked the skillet off the stove resulting in the hot skillet and its contents falling onto Kendra *Page 3 
causing her to suffer second and third degree burns on her neck, breasts, shoulder, arm, back and legs.
 {¶ 8} At the time of the incident, Thomas and Barbara Keith were insured under a homeowners' policy of insurance issued by State Farm Insurance Company. As the named insureds both Thomas Keith and Barbara Keith are insureds under the State Farm policy.
 {¶ 9} The Plaintiffs filed a lawsuit captioned Angela Keith, et al. v.Thomas H. Keith, et al., Case No. 01 PI 030067, alleging, among other things, personal injury to Kendra Keith caused by the negligence of Thomas Keith and Barbara Keith. Said personal injury is alleged to have occurred on March 12, 1997.
 {¶ 10} On June 27, 2003, a Default Judgment on liability was rendered against Thomas Keith and Barbara Keith by the Knox County Court of Common Pleas.
 {¶ 11} On October 10, 2003, a monetary judgment was rendered against Thomas Keith and Barbara Keith by the Knox County Court of Common Pleas in the amount of $12,000,000.00.
 {¶ 12} In August 2004, Appellants Angela Keith, on behalf of Kendra Keith, her minor daughter, and Matthew Peterson, her minor son, initiated a declaratory judgment action in the same court against State Farm Insurance Companies ("State Farm") in an effort to recover this damage award.
 {¶ 13} In October 2005, State Farm filed a Motion for Summary Judgment in which it asserted that it could not be responsible for paying this judgment because, at the time of her injury, Kendra Keith was a resident of Thomas and Barbara Keith's *Page 4 
home, and further because Thomas and Barbara Keith failed to timely notify State Farm of the legal action and thus were in violation of the terms of the insurance policy.
 {¶ 14} By Judgment Entry filed February 16, 2006, the trial court granted State Farm's motion for summary judgment without opinion.
 {¶ 15} Appellants now appeal, assigning the following error for review:
 ASSIGNMENT OF ERROR {¶ 16} "I. THE TRIAL COURT ERRED BY GRANTING SUMMARY JUDGMENT IN FAVOR OF DEFENDANT-APPELLEE STATE FARM INSURANCE COMPANY, INC."
 Summary Judgment Standard {¶ 17} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987),30 Ohio St.3d 35, 36. Civ.R. 56(C) provides, in pertinent part:
 {¶ 18} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor." *Page 5 
 {¶ 19} Pursuant to the above rule, a trial court may not enter a summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall,77 Ohio St.3d 421, 429, 1997-Ohio-259, citing Dresher v. Burt, 75 Ohio St.3d 280,1996-Ohio-107.
 {¶ 20} It is based upon this standard that we review appellant's assignments of error.
 I. {¶ 21} Appellant argues that the trial court erred in granting summary judgment in favor of Appellee State Farm Insurance Company. We disagree.
 {¶ 22} The trial court's Entry did not state its reasoning for the granting of summary judgment in this matter. We will therefore look to the arguments contained in State Farm's Motion for Summary Judgment.
 {¶ 23} In its Motion, State Farm argued that Kendra Keith was a resident of the household of Thomas Keith and Barbara Keith and was therefore an insured under the insurance policy.
 {¶ 24} The State Farm policy defined an "insured" as follows: *Page 6 
 {¶ 25} "Definitions.
 {¶ 26} * * *
 {¶ 27} "4. "Insured" means you and, if residents of your household; your relatives; and any other person under the age of 21 who is in the care of a person described above."
 {¶ 28} The State Farm policy also contained the following exclusion:
 {¶ 29} "Section II — Exclusions.
 {¶ 30} "1. Coverage L and Coverage M do not apply to:
 {¶ 31} "h. bodily injury to you or any insured within the meaning of part a. or b. of the definition of insured.
 {¶ 32} "This exclusion also applies to any claim made or suit brought against any insured to share damages with or repay someone else who may be obligated to pay damages because of the bodily injuries."
 {¶ 33} The term "resident" is not defined in the subject insurance policy. When a word is undefined, we examine the common meaning of the word and Ohio case law involving the language at issue. Shear v. WestAm. Ins. Co. (1984), 11 Ohio St.3d 162, 165, 11 OBR 478, 464 N.E.2d 545
 {¶ 34} This Court has previously held that "the mere absence of definition in insurance contract does not make meaning of term ambiguous." Durant v. Buckeye Union Ins. Co., Holmes County App. No. 05CA006, 2006-Ohio-2866.
 {¶ 35} "Common words appearing in a written instrument will be given their plain and ordinary meaning unless manifest absurdity results or unless some other meaning *Page 7 
is clearly evidenced from the face or overall contents of the instrument." Alexander v. Buckeye Pipe Line Co. (1978),53 Ohio St.2d 241, 374 N.E.2d 146.
 {¶ 36} In Nationwide Mutual Fire Insurance Company v. Guman BrothersFarm, et al. (1995), 73 Ohio St.3d 107, 652 N.E.2d 684, the Ohio Supreme Court held that a "[c]ourt must give undefined words used in insurance contract their plain and ordinary meaning."
 {¶ 37} In Reardon v. Owners Ins. Co. (Feb. 22, 2000), Tusc. App. Nos. 1999AP040025, 1999AP040027, 1999AP040028 and 1999AP040029, this Court applied the "some duration and with some regularity test" to the issue of dual residency. The leading case which established this test isFarmer's Insurance of Columbus, Inc. v. Taylor (1987),39 Ohio App.3d 68, 528 N.E.2d 968. The Taylor court held: "Where a policy of insurance providing uninsured motorist coverage does not define the term, "a resident of your household" a minor who lives the majority of the time with her mother and regularly for some duration with her father is resident of both households. A "resident of your household" refers to one who is in the home of the named insured for a period of some duration or regularity, although not necessarily there permanently, but excludes the temporary or transient visitor." Syllabus by the court. (Emphasis added).
 {¶ 38} However, in Bell v. Currier, Guernsey County App. 02-CA-10, 2003-Ohio-3294, this Court chose not to follow the "bright line" test for dual residency articulated by the Second District Court of Appeals in Plessinger v. Cox (December 31, 1997), Darke App. Nos. 1428 and 1429, finding that such test is not appropriate. In Plessinger, the Second District found the "some duration and some regularity" test did not serve the interest of divorced parents who purchased insurance policies to comply with their moral *Page 8 
and legal responsibilities to their children, regardless of whether they are residential parents or simply enjoy visitation with the parent.Plessinger at 4. The "bright line" test makes the child a resident of both the residential parents' home, and the non-residential parents' home, if the non-residential parent has visitation rights.
 {¶ 39} As we stated in Reardon and Bell, supra, we believe that the "some duration and with some regularity" test is much more appropriate for situations like the one in the case sub judice.
 {¶ 40} Applying the "some duration and with some regularity" test to the facts in this matter, we find that the trial court did not err in determining that Kendra Keith was a resident of her father's household on the date of the incident.
 {¶ 41} For at least six months immediately prior to the accident, Kendra had lived exclusively with her father; Kendra was enrolled in school as a resident of her father's home and no date had been set for Kendra to return to her mother's home. In fact, Angela Keith had stated that she was not going to send for her children until such time as she had completed school, had a large enough house to accommodate her children, obtained a steady job and had the means to support herself and her children. (Depo. of Thomas Keith at 58, Depo. of Angela Keith at 27-28). At the time of the incident, Angela Keith was still in school and was unemployed. (Depo. Angela Keith at 20).
 {¶ 42} Based on the foregoing, we find that Kendra was an insured under the homeowner's policy issued by Appellee State Farm Insurance Company and therefore not entitled to coverage pursuant to the above-referenced exclusion.
 {¶ 43} Additionally, we find that the Keiths failed to comply with notification terms of the State Farm policy which contained the following provisions: *Page 9 
 {¶ 44} SECTION II — CONDITIONS
 {¶ 45} "3. Duties After Loss. In case of an accident or occurrence, the insured shall perform the following duties that apply. You shall cooperate with us in seeing that these duties are performed:
 {¶ 46} "b. immediately forward to us every notice, demand, summons or other process relating to the accident or occurrence;
 {¶ 47} "e. the insured shall not, except at the insured's own cost, voluntarily make payments, assume obligations or incur expenses. This does not apply to expense for first aid to others at the time of the bodily injury.
 {¶ 48} Both Thomas Keith and Barbara Keith were aware of the lawsuit captioned Angela Keith, et al. v. Thomas H. Keith, et al., Case No. 01 PI 030067 by at least April 16, 2003. (Affidavits of Thomas Keith and Barbara Keith).
 {¶ 49} Neither Thomas Keith nor Barbara Keith spoke with, or told, any representative of State Farm Fire and Casualty Company about the lawsuit captioned Angela Keith, et al. v. Thomas H. Keith, et al., Case No. 01 PI 030067 until sometime in 2004. Id.
 {¶ 50} According to the records of State Farm Fire Casualty Company the first notice received of the lawsuit captioned Angela Keith, et al.v. Thomas H. Keith, et al., Case No. 01 PI 030067, was on February 9, 2004. (Affidavit of Vicky Glunt, Claim Rep.)
 {¶ 51} The first time that a representative of State Farm Fire 
Casualty Company spoke with Thomas Keith regarding the lawsuit captionedAngela Keith, et al. v. Thomas H. Keith, et al., Case No. 01 PI 030067, was on February 14, 2004. Id. *Page 10 
 {¶ 52} Based on such failure to provide notice, the trial court could have found that the Keiths failed to comply with terms of the insurance contract and therefore materially prejudiced State Farm's rights.
 {¶ 53} Appellant's sole assignment of error is overruled.
 {¶ 54} The appeal from the judgment of the Court of Common Pleas of Knox County, Ohio, is affirmed.
 By: Wise, P. J. Edwards, J. and Delaney, J. concurs *Page 11 
 JUDGEMENT ENTRY
For the reasons set forth in our accompanying Opinion, appellant's appeal from the decision of the Knox County Court of Common Pleas is affirmed.
 Costs assessed to appellant. *Page 1