**PRUDENTIAL PROPERTY & CASUALTY INSURANCE COMPANY**, Appellant,

v.

**LaMARR, Admr., et al., Appellees.**

[Cite as *Prudential Property & Cas. Ins. Co. v. LaMarr* (1993), 92 Ohio App.3d 331.]

Court of Appeals of Ohio,
Lorain County.

No. 93CA005571.

Decided Dec. 15, 1993.

*Walter Matchinga,* for appellant.

*Anthony Giardini, Martin Flanagan,* Lorain County Assistant Prosecuting Attorney, and *James Burge,* for appellees.

---

Cook, Presiding Judge.

This appeal concerns a declaratory judgment action in which the trial court was requested to construe a homeowners insurance policy. Prudential Property & Casualty Insurance Company ("Prudential") appeals from the trial court's judgment that Kristen LaMarr ("Kristen"), who was a foster child in the home of Richard and Susan Schultz, was not an insured under the Schultzes' homeowners insurance policy. Under that interpretation of the policy, Prudential must defend and indemnify the Schultzes against survivorship and wrongful death claims predicated on Kristen's death. With its assignments of error, Prudential asserts that Kristen, as a foster child, was a resident of the Schultzes' household, thus making her an insured and, because she was an insured, any claim for her bodily injury was not compensable under the policy's exclusions. Prudential also argues that because Kristen was an insured, the wrongful death claim by Kristen's natural mother, Nicole LaMarr, was not covered under the Schultzes' policy.

We reverse because (1) Kristen was a resident of the Schultzes' household under the plain meaning of the policy; therefore, she was an insured and any claim for her bodily injuries was excluded under the policy, and (2) the Schultzes' policy excluded coverage for bodily injury, including death to an insured.

*FACTS*

### 1. *Underlying Suit*

On December 1, 1989, Children's Services of Lorain County ("CS") took temporary custody of Kristen, who was then six months old. CS held temporary custody of Kristen until her natural mother would be able to care for her, with the goal of reuniting Kristen and her mother within twelve months. The Schultzes were licensed foster parents and CS placed Kristen in foster care with them. Six months later, while in the Schultzes' care, Kristen sustained injuries which led to her death.

After being appointed administrator for Kristen's estate, Nicole sued the Schultzes for claims of both survivorship and wrongful death. Nicole alleged that Kristen's injuries and death were the result of the Schultzes' intentional and/or negligent acts. The Schultzes then requested that their insurer defend and indemnify them under their homeowners policy.[1]

### 2. *Insurance Policy*

The pertinent sections of the Prudential policy are set forth below.

*"Coverage:*

"If a claim is made or suit is brought against any insured for **damages because of bodily injury** or property damage to which this coverage applies, we will:

"a.  pay up to our limit of liability for the damages for which the insured is legally liable;  and

"b.  provide a defense at our expense by counsel of our choice."

*"Exclusion:*

"We do not cover **bodily injury to** you or **any insured** [as defined] * * *."

*"Definitions:*

" 'Insured' means you [named insured] and the following residents of your household:

"a.  your relatives;

"b.  any other person under the age of 21 who is in the care of any person named above."

" '**Bodily injury**' means bodily harm, sickness or disease, including required care, loss of services and death resulting therefrom."

---

1.  The Schultzes conceded that they were only seeking coverage for any judgment which arises from the negligence claims against them.

### 3. *Declaratory Judgment Action*

Prudential filed a declaratory judgment action requesting a determination as to whether Kristen was an insured and whether it had to defend and indemnify the Schultzes in Nicole's suit. Prudential, Nicole and the Schultzes all moved for summary judgment. The trial court granted Nicole's and the Schultzes' summary judgment motions, stating that Kristen was not an insured under the policy because she was not a "resident of the Schultzes' household." The trial court reasoned that a "resident of a household" is a person who lives in the home for a period of some duration or regularity, although not necessarily permanently, but excludes a temporary or transient visitor and that because the policy did not specifically include foster children, it was ambiguous. The trial court then construed the policy in favor of the insureds and stated that because Kristen was a foster child temporarily with the Schultzes, she was not a resident of the household. Thus, Prudential was required to provide the Schultzes with a defense and to indemnify them under the terms of the policy.

Prudential appeals, asserting two errors.

### Assignment of Error I

"The trial court erred in granting the motion for summary judgment of defendants Richard and Susan Schultz."

■ With this assignment of error, Prudential argues that Kristen, as the Schultzes' foster child, was a resident of their household under the plain meaning of the term "resident of the household"; therefore, she was an insured under the policy. We agree.

In order for Kristen to be an insured under the policy, she must have been under twenty-one, in the care of an insured and a resident of the Schultzes' household. Clearly, being only two years old, Kristen was under the care of the Schultzes. The crucial question is whether Kristen was a resident of the Schultzes' household.

■ "Resident" is not defined in the Prudential policy and has no fixed meaning in the law. When construing undefined words in an insurance policy, a court must give the words used in the contract their plain and ordinary meaning. *State Farm Auto. Ins. Co. v. Rose* (1991), 61 Ohio St.3d 528, 531, 575 N.E.2d 459, 461. Black's Law Dictionary (5 Ed.Rev.1979) defines "resident" as "a dweller, habitant or occupant; one who resides or dwells in a place for a period of more, or less, duration." Under the plain meaning and common understanding of the word "resident," Kristen was a resident of the Schultzes' household. She resided at the Schultzes' home for over six months and, although her placement was to be temporary, no date was set for her departure from their home.

The Schultzes argue that the term "resident of the household" should be equated with domicile as in the cases in which college students and military personnel can retain their permanent domicile while studying or serving in a different state or country. The policy uses the term "resident," not "domicile," and we accord it its plain meaning.

Kristen, therefore, was an insured under the Schultzes' homeowners policy. Any survivorship claim for her bodily injury is thereby excluded under the policy, which stated that "[w]e do not cover bodily injury to you or any insured."

The first assignment of error is well taken.

### Assignment of Error II

"The trial court erred in not granting plaintiff's motion for summary judgment."

With this assignment of error, Prudential argues that the trial court should have determined that because Kristen was an insured and, because Nicole's wrongful death action was based upon Kristen's bodily injury, the Schultzes did not have coverage for the wrongful death action. We agree.

The Schultzes' policy excluded coverage for "bodily injury to * * * any insured," and defined bodily injury to include "death resulting therefrom." As we have previously stated, Kristen was an insured. Thus, by its plain meaning, the policy excluded coverage for Kristen's death from her bodily injury. The wrongful death action by Nicole is a claim arising out of or due to Kristen's death. Therefore, by excluding coverage for bodily injury, including death, to any insured, the policy, under its plain meaning, does not cover Nicole's wrongful death action.

The second assignment of error is well taken.

The judgment of the trial court is reversed. The case is remanded to the trial court for proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

REECE and DICKINSON, JJ., concur.