ENTENMAN, et al., Appellees,

v.

AUTO–OWNERS INSURANCE COMPANY, et al., Appellants.

[Cite as *Entenman v. Auto–Owners Ins. Co.* (2000), 136 Ohio App.3d 541.]

Court of Appeals of Ohio,
Sixth District, Williams County.

No. WM–99–009.

Decided Jan. 28, 2000.

542

*Chad Niese,* for appellees.

*David A. Cheney,* for appellants.

MELVIN L. RESNICK, Judge.

This accelerated appeal is from a judgment of the Williams County Court of Common Pleas. Because this is a case of first impression in this appellate district, we hereby remove this case from the accelerated calendar and place it on the court's regular calendar. See 6th Dist.Loc.App.R. 12(B).

In the case before us, the trial court declared that appellees, Joshua W. Entenman and Jemiah W. Entenman, were insureds within the meaning of their grandparents' homeowners liability insurance policy. The court also ordered the grandparents' insurer, appellant, Auto–Owners Insurance Company ("Auto–Owners"), to defend appellees in an underlying intentional tort/negligence action instituted by Merrick W. Seaman and Cynthia K. Seaman.

In the underlying case, Merrick and Cynthia K. Seaman alleged that, on October 4, 1996, Joshua and Jemiah, the minor children of Debra Entenman and William Entenman,[1] either intentionally caused or were negligent in causing a fire that destroyed property and structures owned by the Seamans. At the time of the fire, Debra and William Entenman were divorced. Debra, the residential parent and legal custodian of Joshua and Jemiah, lived in Williams County, Ohio, on the property owned by Merrick and Cynthia Seaman. William resided in a home owned by his parents, Wilma Entenman and Frederick J. Entenman, in Fremont, Indiana. That home was insured by Auto–Owners under a policy issued to Wilma and Frederick.

Joshua and Jemiah, through their guardian *ad litem,* Richard L. Altman, subsequently commenced the instant declaratory judgment action naming Auto–Owners, among others, as a defendant. The key issue in the case was whether Joshua and Jemiah could be regarded as insured persons under their grandparents' homeowners insurance policy. Pursuant to the Auto–Owners policy, liability coverage is provided to "an insured person who becomes legally obligated to pay

---

1. Another minor was also allegedly involved in starting the fire, but is not a party to this appeal.

as damages because of * * * property damage covered by this policy." An "insured" person is defined as:

"a. you

"b. your relatives residing in your household; and

"c. any other person under the age of 21 residing in your household who is in your care or the care of a resident relative."

Auto–Owners filed a motion for summary judgment supported, *inter alia,* by the affidavit of William Entenman, who averred that at the time of the fire he was not the residential parent and legal custodian of Joshua and Jemiah. In fact, pursuant to a 1989 court order, William was granted limited visitation with his sons for a few hours every other weekend in Debra's home. Nevertheless, William acknowledged that he and his former wife came to an informal agreement in June 1996 and that his sons did visit him every other weekend during the summer of 1996. William attested that their last visit occurred in late August 1996 and that the boys were not in his care, or his parents' care, on October 4, 1996.

In their memorandum in support of their motion, Auto–Owners urged the trial court to adopt the rule set forth in *Plessinger v. Cox* (Dec. 31, 1997), Darke App. Nos. 1428 and 1429, unreported, 1997 WL 797689. In *Plessinger,* the Second District Court of Appeals rejected the frequently used definition of "resident" based on length of time or degree of regularity an individual lives in an insured's household. See, *e.g., Snedegar v. Midwestern Indemn. Co.* (1988), 44 Ohio App.3d 64, 541 N.E.2d 90. Instead, the *Plessinger* court employed a bright line test to determine the residence of a minor child of divorced parents for the purpose of uninsured/underinsured motorist coverage. While this test recognizes the minor child of divorced parents has dual residency for insurance purposes, he or she is a resident of the insured's household only when the "the minor is in the custody, care, supervision, and control of the insured parent *at the time of the accident* [occurrence] pursuant to the court's custody and/or visitation decree." (Emphasis *sic.*) *Id.*

Appellees never filed a motion for summary judgment. Their memorandum in opposition to Auto–Owners' motion for summary judgment was supported by the affidavits of Joshua, Jemiah, and Debra Entenman. In each of these affidavits, the affiants swore that Joshua and Jemiah resided exclusively and continuously with their father from June 1996 until September 1996, and that from September 1996 until October 4, 1996, they visited with their father every other weekend. The children also asserted that they kept personal belongings at their father's residence. Appellees cited to several cases from other appellate districts that require an inquiry into the elements of time, regularity, and duration to deter-

mine a minor's residence for the purpose of insurance coverage. Relying on the standard in these cases, appellees contended that a question of fact existed as to whether Joshua and Jemiah were residing with their father on October 4, 1996 and were therefore insureds within the meaning of the Auto–Owners policy.

In a document captioned "JOURNAL ENTRY" the trial court adopted the definition of a "resident of a household" as one who lives in the household of the named insured "for a period of some duration or regularity, although not necessarily permanently, but excludes a temporary or transient visitor" and, as a consequence, denied Auto–Owners' motion for summary judgment. Additionally, the court continued and found that "the plaintiffs are relatives residing in the household of the named insureds and, therefore, are insured persons under the policy and all coverages of that policy apply to them." The court then ordered the guardian *ad litem* to journalize its judgment.

The resulting judgment entry signed by the court simply denies Auto–Owners' motion for summary judgment. Nonetheless, Auto–Owners appealed this order. Because the denial of a motion for summary judgment is not a final appealable order, this court remanded this case to allow the trial court to enter, within its discretion, an explicit judgment for the plaintiffs on their request for declaratory relief. *Entenman v. Auto–Owners Ins. Co.* (Aug. 6, 1999), Williams App. No. WM–99–009, unreported, 2000 WL 84380. In its order, this court noted that the trial court's decision actually granted summary judgment to appellees. The trial court entered judgment in favor of appellees and this appeal proceeded.

Auto–Owners raises the following assignment of error for our consideration:

"The trial court erred in granting summary judgment when determining that appellee children were residing in the home of their father so as to make the homeowners insurance policy of the grandparents of the children apply in providing liability insurance coverage."

Auto–Owners contends that the trial court erred in denying its motion for summary judgment because the court declined to adopt the *Plessinger* approach to determine the meaning of "resident" for determining eligibility for coverage under the Entenmans' homeowners insurance policy.

Pursuant to Civ.R. 56(C), summary judgment is appropriate if the trial court determines that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 471–472, 364 N.E.2d 267, 273–274. We review the trial court's summary

judgment determination *de novo. Chapman v. Adia Services, Inc.* (1997), 116 Ohio App.3d 534, 540, 688 N.E.2d 604, 607–608.

In the present case, appellees did not move for summary judgment against Auto–Owners. Civ.R. 56 does not ordinarily authorize courts to enter summary judgment in favor of a nonmoving party. *Marshall v. Aaron* (1984), 15 Ohio St.3d 48, 15 OBR 145, 472 N.E.2d 335, syllabus. However, " 'an entry of summary judgment against the moving party does not prejudice his due process rights where all relevant evidence is before the court, no genuine issue as to any material fact exists, and the non-moving party is entitled to judgment as a matter of law.' " *State ex rel. Newell v. Cuyahoga Cty. Court of Common Pleas* (1997), 77 Ohio St.3d 269, 270, 673 N.E.2d 1299, 1301 n. 1, quoting *State ex rel. Cuyahoga Cty. Hosp. v. Bur. of Workers' Comp.* (1986), 27 Ohio St.3d 25, 28, 27 OBR 442, 444, 500 N.E.2d 1370, 1372–1373. See, also, *State ex rel. Lowery v. Cleveland* (1993), 67 Ohio St.3d 126, 128, 616 N.E.2d 233, 233–234; *Houk v. Ross* (1973), 34 Ohio St.2d 77, 63 O.O.2d 119, 296 N.E.2d 266, paragraph one of the syllabus. In the present case, the trial court's entry of summary judgment on the question of law, that is, the standard used in defining "resident" in favor of the nonmoving appellees, did not prejudice Auto–Owners' due process rights. We shall therefore address this question.

In *Farmers Ins. of Columbus v. Taylor* (1987), 39 Ohio App.3d 68, 528 N.E.2d 968, the Tenth District Court of Appeals considered a case where a minor child of divorced parents was injured in a motor vehicle accident by an uninsured motorist. Her mother, who was operating the vehicle in which the child was riding, was also an uninsured motorist. The child sought coverage under the uninsured provision of her father's motor vehicle insurance policy. The principal issue was the definition of "resident of your household" in the father's policy. *Id.* at 70, 528 N.E.2d at 969. The *Taylor* court recognized the concept of dual residency for the purpose of insurance coverage for minor children of divorced parents and defined "resident" as: " * * * [O]ne who lives in the home of the named insured for a period of some duration or regularity, although not necessarily there permanently, but excludes a temporary or transient visitor." *Id.* Based on this definition, the court determined that the child, who resided with her mother approximately fifty-five percent of the year and her father, forty-five percent of the year, was a resident of her father's household for insurance purposes. *Id.* at 69–70, 528 N.E.2d at 968–970.

The dual residency rule and definition of "resident" set forth in *Taylor* was followed in almost all subsequent appellate cases involving the minor child of divorced parents. See *Am. States Ins. Co. v. Guillermin* (1996), 108 Ohio App.3d 547, 555, 671 N.E.2d 317, 322; *Snedegar, supra; Brooks v. Progressive Specialty Ins. Co.* (July 20, 1994), Summit App.No. 16639, unreported, 1994 WL 376768;

*Archer v. Nationwide Ins. Co.* (Aug. 19, 1993), Franklin App.No. 93AP–620, unreported, 1993 WL 318823. See, also, *Wood v. McQueen* (Sept. 21, 1995), Cuyahoga App.No. 68472, unreported, 1995 WL 558925 (using standard to determine whether a seventeen-year-old son was a resident of his mother's household). The only case found by this court that adopts a different rule from *Taylor* is *Plessinger*. For the following reason, we reject the bright line rule expounded in *Plessinger* and adopt the rule followed by the weight of authority in this state.

The conclusion reached by the Second District Court of Appeals is contrary to the well settled legal principle establishing that ambiguous words in an insurance contract must be construed in favor of the claimant seeking coverage. *King v. Nationwide Ins. Co.* (1988), 35 Ohio St.3d 208, 519 N.E.2d 1380, syllabus. See, also, *State Farm Auto. Ins. Co. v. Rose* (1991), 61 Ohio St.3d 528, 531–32, 575 N.E.2d 459, 461–462; *Burris v. Grange Mut. Cos.* (1989), 46 Ohio St.3d 84, 89, 545 N.E.2d 83, 88–89; *Nationwide Mut. Fire Ins. Co. v. Sonitrol, Inc. of Cleveland* (1996), 109 Ohio App.3d 474, 482, 672 N.E.2d 687, 691–692. This concept of interpretation applies with "greater force to language that purports to limit or to qualify coverage." *Watkins v. Brown* (1994), 97 Ohio App.3d 160, 164, 646 N.E.2d 485, 486–487. That which is not clearly excluded from coverage is included. *Prudential Property & Cas. Co. v. Koby* (1997), 124 Ohio App.3d 174, 177, 705 N.E.2d 748, 749–750, quoting *DeMatteis v. Am. Community Mut. Ins. Co.* (1992), 84 Ohio App.3d 459, 462, 616 N.E.2d 1208, 1209–1210.

The term "resident" is not defined in the Auto–Owners insurance policy and has no fixed meaning in the law. *Prudential Prop. & Cas. Ins. Co. v. LaMarr* (1993), 92 Ohio App.3d 331, 335, 635 N.E.2d 63, 65. It is a term that is " 'flexible, elastic, slippery and somewhat ambiguous' " and includes definitions ranging from a place of abode for a temporary period to a permanent abode. *Prudential Property & Cas. Co. v. Koby,* 124 Ohio App.3d at 177, 705 N.E.2d at 750, quoting *Great Am. Ins. Co. v. Allstate Ins. Co.* (N.C.App.1986), 78 N.C.App. 653, 338 S.E.2d 145, 147. We must therefore construe the term "resident" liberally in favor of the minor children of divorced parents. As stated in *Taylor*, at 70, 528 N.E.2d at 970: "The insurance policy should control, and the policy may be written so as to preclude dual coverage if that be the intent of the insurer." Here, as in *Taylor* and its progeny, the Auto–Owners policy does not require that, in order for a person to be resident of the named insured's household, such residence must be the sole or exclusive residence of the person. Accordingly, we find the trial court did not err by, in essence, granting summary judgment to appellees on the standard employed to determine the definition of "resident" for insurance coverage purposes as a matter of law.

 We now turn to the more difficult issue: Could the trial court grant summary judgment to the nonmoving parties on the question of whether Joshua and Jemiah were residents of the named insureds' household and therefore entitled to coverage under the Auto–Owners policy? The fact pattern of a particular case plays a significant role in determining whether an individual is a resident of a household. *Prudential Property & Cas. Co. v. Koby*, 124 Ohio App.3d at 178–179, 705 N.E.2d 748, 750–751 (Citations omitted.) Ohio courts usually examine several factors including "the amount of time the person spends at the household, the person's age, the person's intent, and whether the insured is 'legally obligated' to the person." *Wood v. McQueen* and *Brooks, supra*, listed two prominent factual elements in cases involving the minor child of divorced parents. The minor is a dual resident if (1) the minor alternately resides with each parent under a custody or visitation arrangement; and (2) the minor's residency with each parent involves a consistent pattern between the two households for a period of some duration or regularity. *Id.*

In the case under consideration, visitation by Joshua and Jemiah with their father from at least 1989 to June 1996 was described as "sporadic." A *de facto* change in the visitation arrangement between the parties occurred in June 1996; however, the evidence offered to establish the pattern and duration of the visitation that occurred thereafter is conflicting. We therefore conclude that a genuine issue of material fact exists as to whether Joshua and Jemiah were residents of the insureds' household and were entitled coverage under their grandparents' homeowners insurance policy. Accordingly, the common pleas court lacked the authority under Civ.R. 56 to, in essence, grant summary judgment to the nonmoving parties on this issue.

Because it addresses only the appropriate standard applicable to this case, Auto–Owners' assignment of error is found not well taken. That portion of the common pleas court's judgment adopting the rule of *Taylor* is affirmed. Nevertheless, due to plain error by the trial court in granting summary judgment to a nonmoving party on a disputed question of fact, this court reverses that portion of the court's judgment granting declaratory relief to appellees. This cause is remanded to the Williams County Court of Common Pleas for further proceedings consistent with this judgment. Auto–Owners Insurance Company and appellees are ordered to pay the costs of this appeal in equal shares.

*Judgment affirmed in part*
*and reversed in part.*

SHERCK and PIETRYKOWSKI, JJ., concur.