OPINION
{¶ 1} Plaintiff-appellant, Kenneth W. Bunosky, appeals the judgment of the Portage County Court of Common Pleas, granting summary judgment in favor of defendant-appellee, Metropolitan Property and Casualty Insurance Company ("MetLife"). For the reasons that follow, we affirm the judgment of the trial court.
 {¶ 2} On November 9, 2002, Brian S. Bunosky, appellant's son, was killed by a hit-and-run driver while walking southbound down the center of Windham Parkman Road in Nelson Township, Ohio. The driver of the vehicle that struck and killed Brian was never identified. On the date of his death, Brian did not live with his parents, and was a resident of Garrettsville, Ohio.
 {¶ 3} Appellant and his wife, Becky Lynn Bunosky, who lived in Orange Village, Ohio, carried a policy of automobile insurance with MetLife at the time of Brian's accident, which provided for uninsured motorist coverage in the amount of $100,000 per person, and $300,000 per occurrence.
 {¶ 4} On October 21, 2003, appellant, through his attorney, made a claim under the MetLife Auto policy for underinsured/uninsured motorist coverage due to Brian's death.
 {¶ 5} On September 21, 2004, MetLife sent a letter denying appellant's claim, concluding that appellant was not entitled to coverage on the basis of the language of the policy and applicable law.
 {¶ 6} On November 8, 2004, appellant filed a complaint against MetLife, both individually, and as executor of Brian's estate, alleging that he was entitled to wrongful death benefits under the express terms of the policy, since the vehicle which struck and killed Brian was an uninsured vehicle under the terms of the policy. The complaint further alleged that MetLife's subsequent denial of coverage was in bad faith.
 {¶ 7} On March 28, 2005, both parties filed cross-motions for summary judgment. On August 3, 2005, the trial court ruled in favor of MetLife, specifically finding that since Brian was not a named insured under the policy, and was not a passenger in a "covered automobile" at the time of his injury and death, he was excluded from coverage under the express terms of the policy. The court also concluded that plaintiffs individually were not entitled to coverage under the uninsured motorist provision due to the express terms of the contract.
 {¶ 8} Appellant timely appeals, assigning the following as error:
 {¶ 9} "The trial court erred to the prejudice of Plaintiffs/Appellants in its Decision Granting the Motion for Summary Judgment of Defendant and Denying that of Plaintiffs on the Issue of Insurance Coverage."
 {¶ 10} An appellate court examines the trial court's decision to grant or deny a motion for summary judgment under a de novo standard of review. Grafton v. Ohio Edison Co.,77 Ohio St.3d 102, 105, 1996-Ohio-336. Summary judgment is proper when three conditions are satisfied: 1) there is no genuine issue of material fact; 2) the moving party is entitled to judgment as a matter of law; and 3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made. Civ.R. 56(C);Mootispaw v. Eckstein, 76 Ohio St.3d 383, 385, 1996-Ohio-389;Harless v. Willis Day Warehousing Co., Inc. (1978),54 Ohio St.2d 64, 66. In reviewing a motion for summary judgment, the court must construe the evidence in the light most favorable to the nonmoving party. Doe v. Shaffer, 90 Ohio St.3d 388, 390, 2000-Ohio-186 (citation omitted).
 {¶ 11} Appellant does not appear to dispute that the version of R.C. 3937.18 in effect at the time of Brian's death allows an insurance company to limit coverage in such a way that damages are recoverable only if an insured under the policy is injured. Instead, the crux of appellant's argument appears to be that there are ambiguities in the Uninsured Motorists Coverage provision which allow him to recover for Brian's death under a wrongful death action, since terms reasonably susceptible to more than one interpretation are to be construed strictly against the insurer. We disagree.
 {¶ 12} It is well settled that the construction of written contracts, including contracts of insurance, is a matter of law.Alexander v. Buckeye Pipeline Co. (1978), 53 Ohio St.2d 241, at paragraph one of the syllabus; Leber v. Smith,70 Ohio St.3d 548, 553, 1994-Ohio-361 (citation omitted). Accordingly, interpretations of insurance contracts are likewise subject to ade novo standard of review. Nationwide Mut. Fire Ins. Co. v.Guman Bros. Farm, 73 Ohio St.3d 107, 108, 1995-Ohio-214. In so doing "[c]ommon words * * * will be given their ordinary meaning unless manifest absurdity results, or unless some other meaning is clearly evidenced from the face or overall contents of the instrument." Alexander, 53 Ohio St.2d 241, at paragraph two of the syllabus.
 {¶ 13} However, if the terms of an insurance contract are ambiguous, they must be construed in favor of the insured.Entenman v. Auto-Owners Ins. Co. (2000), 136 Ohio App.3d 541,548 (citations omitted); Buckeye Union Ins. Co. v. Price
(1974), 39 Ohio St.2d 95, at paragraph one of they syllabus ("Language in a contract of insurance reasonably susceptible of more than one meaning will be construed liberally in favor of the insured and strictly against the insurer."). This rule applies with particular force in cases where the language of the insurance contract "purports to limit or qualify coverage."Entenman, 136 Ohio App.3d at 548 (citation omitted). That which is not clearly excluded from coverage is deemed included under the policy. Id. (citation omitted).
 {¶ 14} In the case sub judice, the following provisions of the insurance contract are disputed by the parties.
 {¶ 15} Under the heading "Uninsured Motorists Coverage," the contract of insurance provides as follows:
 {¶ 16} "We will pay damages for bodily injury sustainedby:
 {¶ 17} "1. you or a relative, caused by an action arising out of the ownership, maintenance, or use of an uninsured motorvehicle, which you or a relative are legally entitled to collect from the owner or driver of an uninsured motor vehicle; or
 {¶ 18} "2. any other person, caused by an accident whileoccupying a covered automobile, who is legally entitled to collect from the owner or driver of an uninsured motor vehicle.
 {¶ 19} "We will also pay damages to any person for damages that person is entitled to recover because of bodily injury
sustained by anyone described in 1. or 2. above." (emphasis added).
 {¶ 20} Viewing the language of the Uninsured Motorists Coverage provision as written, the policy, in paragraph one, expressly states that it will pay damages for bodily injury, to "you" or a "relative." In the general definitions section of the contract, "you" is defined as "the person(s) named in the declarations of this policy as named insured and the spouse of such person or persons if a resident of the same household." Appellant is the named insured. Accordingly, appellant and Becky, his wife as his spouse living in the same household, are "you" under the policy. The policy defines a "relative" as "a person related to you by blood, marriage or adoption * * * and who resides in your household." Since there is no dispute that Brian did not live in appellant's household at the time of his death, he is not contemplated as a "relative" under the plain language of this policy. Thus, under the clear and unambiguous terms of the first provision, Brian is not legally entitled to recover.
 {¶ 21} In the second paragraph of the Uninsured Motorist's Coverage section, the policy states that it will pay damages for bodily injury to "any other person caused by an accident whileoccupying a covered vehicle * * *."
 {¶ 22} Thus, by the plain terms of this provision, Brian would also not qualify, since a "covered vehicle" under the statute is "an automobile described in the Declarations to which the Automobile Liability coverage of this policy applies and for which a specific premium is charged." Accordingly, Brian would have had to have been a passenger in one of appellant's vehicles, and not a pedestrian, to be eligible for coverage under that section of the contract.
 {¶ 23} Appellant next argues that the following provision, when taken together with the policy definition for "bodily injury" creates an ambiguity in the contract, which would allow appellant, under a wrongful death action, to recover for Brian's death. In so doing, appellant relies on the Ohio Supreme Court case Moore v. State Automobile Mut. Ins. Co., 88 Ohio St.3d 27,2000-Ohio-264. Appellant's reliance on Moore is inapposite.
 {¶ 24} Moore involved a similar fact pattern to the instant case, in that the decedent was not a named insured under the policy, was not a resident of the appellant's household, and, at the time the accident occurred, did not occupy a vehicle covered by Moore's policy. The case involved an interpretation of the then-existing version of R.C. 3937.18, which appellant claims is virtually identical to the language of the MetLife policy.
 {¶ 25} Within the Uninsured Motorist section, the policy defines an "uninsured motor vehicle," in relevant part, as "a hit and run motor vehicle which causes bodily injury to a person covered under this section as the result of striking thatperson or a motor vehicle which that person is occupying at the time of the accident," if four conditions are met. (emphasis added).
 {¶ 26} "Bodily injury" is defined in the general definitions section as "any bodily injury, sickness, disease or death sustained by any person." (emphasis added).
 {¶ 27} Accordingly, appellant argues that the phrase "to a person under this section" is rendered ambiguous and must be construed against MetLife, as drafter of the contract of insurance. We disagree.
 {¶ 28} As mentioned earlier, the clear language of the contract limits damages to those "for bodily injury" sustained by "you" or a "relative" or "any other person * * * while occupying a covered automobile." Herein lies the key distinction toMoore. The Supreme Court, in Moore, concluded that the language of the statute, as then applied, did not limit the terms "damage" or "loss" to that suffered by an insured for bodily injury. In the MetLife policy, the sentence "[w]e will also pay damages to any person for damages that person is entitled to recover because of bodily injury sustained by anyone described in [paragraphs one or two]," is meant to cover any of the insured's loss of consortium claims. Thus, the extent of the damage or loss for which the company must pay "for damages that person is entitled to recover" is again expressly limited to the insured, any relatives living in the home of the insured, or other persons occupying a covered vehicle. Appellant's proposed reading of the contract would render this limiting language a nullity. It is well-settled that "where the provisions of an insurance policy are clear and unambiguous courts may not indulge themselves in enlarging the contract by implication in order to embrace an object distinct from that contemplated by the parties." Gomolkav. State Auto. Mut. Ins. Co. (1982), 70 Ohio St.2d 166, 168
(citation omitted).
 {¶ 29} Since no reasonable reading of the contract language would allow appellant to recover for Brian's death under the policy, his sole assignment of error is without merit. Appellee is entitled to judgment as a matter of law. Accordingly, we affirm the judgment of the Portage County Court of Common Pleas.
Donald R. Ford, P.J., Cynthia Westcott Rice, J., concur.