[Cite as *Grange Mut. Cas. Ins. Co. v. Norton*, 2011-Ohio-6195.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

GRANGE MUTUAL CASULATY
COMPANY

    Appellant

    v.

WILLIAM NORTON, et al.

    Appellees

C.A. No.    10CA0105-M


APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.    07CIV1130

DECISION AND JOURNAL ENTRY

Dated: December 5, 2011

CARR, Judge.

{¶1} Plaintiff-Appellant, Grange Mutual Casualty Insurance Company ("Grange"), appeals the judgment of the Medina County Court of Common Pleas. This Court affirms.

{¶2} Schari Norton is the daughter of Carol and William Norton, who divorced in 2005. When Carol moved to South Carolina in July 2005, she and William agreed that Schari would visit her father in Ohio every summer and every other Christmas. Schari traveled to visit her father for the first time according to this schedule during the summer of 2006, when a three-week visit was planned. Unfortunately, Schari was injured on the first day of the visit while operating an ATV owned by her grandfather on property owned by her father.

{¶3} Grange, which issued a policy of homeowner's insurance to William, filed a complaint requesting a declaratory judgment that Schari's injuries fell under a policy exclusion applicable to insured persons operating a motor vehicle. William and his wife counterclaimed for a declaration that Schari's injuries were covered under the policy. The parties filed cross-

motions for summary judgment, which the trial court considered in conjunction with their stipulations. The trial court granted William's motion for summary judgment, concluding that because Schari was not an "insured" under the policy, the relevant exclusion is inapplicable. Grange appealed, raising one assignment of error.

## ASSIGNMENT OF ERROR

"THE TRIAL COURT ERRED IN GRANTING THE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND OVERRULING GRANGE MUTUAL CASUALTY COMPANY'S MOTION FOR SUMMARY JUDGMENT."

{¶4} Grange's assignment of error is that the trial court erred by determining that Schari was not an "insured" under the terms of William's homeowner's insurance policy. Specifically, Grange argues that this Court should adopt a "bright-line" rule regarding the dual residency of children in the context of shared custody for purposes of insurance coverage. Because Grange's position does not reflect the law in the State of Ohio, we cannot do so.

{¶5} This Court reviews an order that grants summary judgment de novo. *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 105. Summary judgment is proper if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. See Civ.R. 56(C). In applying this standard, evidence is construed in favor of the nonmoving party, and summary judgment is appropriate if reasonable minds could only conclude that judgment should be entered in favor of the movant. *Horton v. Harwick Chem. Corp*. (1995), 73 Ohio St.3d 679, 686-87.

{¶6} The insurance policy at issue provides coverage for medical payments to persons who sustain bodily injury in connection with the covered property, but does not provide such coverage to "insured persons." An "insured person," in turn, is defined as:

"(a) you;

"(b) your relatives residing in your household; and

"(c) any other person under the age of 21 residing in your household who is in your care or the care of a resident relative."

Grange has argued that this "insured persons" exclusion applies to Schari because she was in William's custody pursuant to a custody agreement at the time of the accident. Thus, under Grange's analysis of this case, if Schari was a resident of William's household at the time of the accident, then she was an "insured person" under the policy and, as an "insured person," her injuries would not be covered.

{¶7} In support of its position, Grange directs this Court's attention to *Plessinger v. Cox* (Dec. 31, 1997), 2d Dist. Nos. 1428, 1429. In that case, the court rejected the rule that "[u]nder Ohio law a relative 'resides' with an insured when the relative lives with the insured for 'some duration' and with 'some regularity'" in favor of a "bright-line" test in cases involving the shared custody of children. Id. Instead, the court concluded that "the better rule in cases involving minor children of divorced parents, who both have custody or visitation rights, is that the minor is deemed to have dual residencies for insurance purposes at least in cases where the minor is in the custody, care, supervision, and control of the insured parent at the time of the accident pursuant to the court's custody and/or visitation decree." Id.

{¶8} *Plessinger*, however, has been uniformly rejected by those courts of appeals who have considered Grange's argument. See, e.g., *Bell v. Currier*, 5th Dist. No. 02-CA-10, 2003-Ohio-3294, at ¶37; *Entenman v. Auto-Owners Ins. Co.* (2000), 136 Ohio App.3d 541, 547-48. In this district, and throughout Ohio, the rule remains that "the word 'resident' as used in the phrase 'resident of your household' refers to one who lives in the home of the named insured for a period of some duration or regularity, although not necessarily there permanently, but excludes a temporary or transient visitor." *Farmers Ins. of Columbus, Inc. v. Taylor* (1987), 39 Ohio

App.3d 68, 70. See, also, *Hartong v. Makary* (1995), 106 Ohio App.3d 145, 148. In the case of the minor child of divorced parents, "[t]he minor is a dual resident if (1) the minor alternately resides with each parent under a custody or visitation arrangement; and (2) the minor's residency with each parent involves a consistent pattern between the two households for a period of some duration or regularity." *Entenman*, 136 Ohio App.3d at 549.

{¶9} Grange has also argued that, even under the "duration and regularity test," the trial court erred by concluding that Schari was not a resident of William's household. The parties' stipulations, however, demonstrate otherwise. For the first six months after her parents divorced, Schari's visitation schedule involved spending "every Wednesday and every other weekend" with her father. After six months, when her mother relocated to South Carolina, Schari did not visit her father at his home for almost a year. Her injuries occurred on the first day of the first summer visitation, and because she was subsequently hospitalized then taken to a hotel with her mother, Schari did not stay with her father at that time.

{¶10} Based on the undisputed facts, we cannot agree that Schari resided with William in a way that demonstrated a consistent pattern for a period of duration or regularity. The trial court, therefore, did not err in granting the Nortons' motion for summary judgment, denying Grange's motion, and entering judgment declaring that Schari was not a resident of William's household at the time of the accident. Grange's assignment of error is overruled.

{¶11} Grange's sole assignmnet of error is overruled, and the judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

———

5

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
DONNA J. CARR
FOR THE COURT

BELFANCE, P. J.
MOORE, J.
CONCUR

APPEARANCES:

DANIEL E. CLEVENGER, Attorney at Law, for Appellant.

STEVE C. BAILEY, Attorney at Law, for Appellee.